**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ROLANDA HILL-JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-01296-TWP-MJD |
| | ) | |
| FAF, INC., FORWARD AIR, INC., | ) | |
| and ROBERT L. MILLER | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on several of Plaintiff's and Defendants' cross-motions for

partial summary judgment, including Plaintiff's Motion for Partial Summary Judgment as to the Domicile

of Plaintiff, Rolanda Hill-Jackson and Decedent, Rafeal Hill [Dkt. 88], Defendants' Motion for Partial

Summary Judgment and Associated Choice-of-Law Determination [Dkt. 85], Plaintiff's Motion for

Partial Summary Judgment as to Choice of Law as to Damages: Wrongful Death [Dkt. 92], and Plaintiff's

Motion for Partial Summary Judgment as to Choice of Law as to Apportionment: Joint and Several

Liability [Dkt. 94]. The parties have stipulated that Rolanda Hill-Jackson's domicile is Illinois, [Dkt.

143], so the only matter before this Court on the motion related to domicile is the domicile of the

decedent, Rafael Hill, at the time of his death. The Court, being duly advised, **GRANTS** Defendants'

motion and **DENIES** Plaintiff's motions.

## I.     FACTUAL BACKGROUND

This case involves claims arising from a tragic automobile accident that occurred on I-65 in

Indiana on December 7, 2009, which resulted in the death of Plaintiff Rolanda Hill-Jackson's ("Hill-

Jackson"), twenty-one year old son, Rafael Hill ("Hill"). Defendant Robert Miller ("Miller"), was

operating a tractor trailer southbound on I-65 when he passed through a multi-vehicle accident scene and

struck Hill and his vehicle, killing him. Hill's mother, Hill-Jackson, as personal representative of Hill's

estate, brought a wrongful death action against FAF, Inc., Forward Air, Inc., and Robert Miller

(collectively, the "Defendants"), in the Circuit Court of Cook County, Illinois, which matter was removed to the United States District Court for the Northern District of Illinois. The case is before this Court on transfer from the Northern District of Illinois pursuant to 28 U.S.C. §1404(a).

It has been stipulated by the parties that Hill-Jackson, individually, is a citizen and resident of Illinois. Miller is a citizen and resident of Wisconsin and an employee of Defendant Double J Transportation, Inc. ("Double J"). Double J is a Wisconsin limited liability company. Miller was operating a truck that had been leased by FAF, Inc. ("FAF") from Double J. FAF is a Tennessee corporation with its principal place of business in Columbus, Ohio, and is a motor carrier licensed by the Federal Motor Carrier Safety Administration. FAF provides for-hire transportation services to the public in interstate commerce, in part by leasing the service of drivers and trucks pursuant to lease agreements with companies such as Double J. At the time of the accident, the tractor was being operated by Double J's employee, Miller, and was pulling a trailer owned and maintained by FAF. Defendants admit that Miller was acting as an employee and/or agent of Double J, and that Miller and Double J were operating under the motor carrier authority of FAF.

Hill was twenty-one years old at the time of the accident. His sole surviving parent is Hill-Jackson. In 2007, after graduating from high school in Chicago, Illinois, Hill moved to Meridian, Mississippi, where he completed one year of study at Meridian Community College. Sometime in mid-2008, Hill lived in both Memphis, Tennessee and Chicago, Illinois, off and on, and in the spring of 2009 he moved to Indianapolis, Indiana. In November, 2009, Hill moved to Lebanon, Indiana, signed a one-year lease on an apartment with his adult brother, and worked in a warehouse in Whitestown, Indiana. At the time of his death, Hill had been admitted to Ivy Tech Vocational College ("Ivy Tech"), where he planned to study business administration beginning in January, 2010. The residency and domicile of the decedent, Hill, is the primary dispute between the parties in these motions, as well as the related issue of the proper choice of law to be applied in this case.

## II.    LEGAL STANDARD

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. of Civ. P. 56(a). "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court "view[s] the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca* 555 F.3d 582, 584 (7th Cir. 2009). Nevertheless, "the [c]ourt's favor toward the non-moving party does not extend to drawing inferences that are supported only by speculation or conjecture." *Singer v. Raemisch,* 593 F.3d 529, 533 (7th Cir. 2000). "A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 490 (7th Cir. 2007). A party may file a motion for partial summary judgment in order to dispose of and narrow down issues for trial.

## III.    DISCUSSION

The parties have filed a number of motions for partial summary judgment. Defendants have filed one motion for partial summary judgment as to choice of law, and Plaintiff has filed nine motions for partial summary judgment on the issues of domicile, choice of law, and liability of both parties and non-parties. This Order will only address the four motions related to the domicile and choice of law issues described above.

A. **Domicile of Rafael Hill[1]**

Plaintiff has filed a motion to establish the decedent's domicile in this matter. Domicile is normally understood to mean (1) physical presence at a particular location, and (2) intent to remain somewhere indefinitely. *Castellon-Contreras v. I.N.S.*, 45 F.3d 149, 153 (7th Cir. 1995). Plaintiff contends that Hill was an Illinois domiciliary who was residing in Indiana solely for the purpose of attending college at Ivy Tech. A student retains the citizenship of his parents until he changes his domicile. *Polychron v. Airgo, Inc.*, No. 91-2835, 1993 WL 24783, at *3 (7th Cir. Feb. 2, 1993). "The determinative factor in these cases is whether the parents continued in their parental roles to support and control the [student]." *Mullholland v. AAA Food Service, Inc.*, No. 89-3429, 1990 WL 223012, at *3 (7th Cir. Dec. 28, 1990).

Hill did not retain the same domicile as Hill-Jackson, even though he was enrolled in a postsecondary education program. The evidence shows that Hill-Jackson did not continue in her parental role in controlling and supporting Hill. After leaving Meridian Community College in 2008, Hill was not enrolled in school for approximately two years and he worked to support himself. Hill also stated that he was an independent student on his enrollment application for Ivy Tech, indicating that his mother would not be providing his financial support while he was in school. Thus, it cannot be said that Hill maintained the same domicile as Hill-Jackson by virtue of the fact that he was re-enrolled in school.

In order to determine whether Hill changed his domicile from Illinois to Indiana, the Court must take into account his entire course of conduct and ascertain his intent to remain in Indiana. *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). "Summary judgment is notoriously inappropriate for determination of claims in which issues of intent … and other subjective feelings play dominant roles." *Ashman v. Barrows*, 438 F.3d 781, 784 (7th Cir. 2006) (internal quotations omitted). There are certainly facts that weigh in favor of finding that Hill was domiciled in Illinois. Plaintiff points to the fact that

---

[1] While the parties have stipulated that Hill-Jackson's individual domicile is Illinois, for purposes of this lawsuit "where plaintiff is an administrator of an estate, 'the legal representative of the estate of the decedent shall be deemed to be a citizen only of the same State as the decedent.'" *Polychron v. Airgo, Inc.*, No. 91-2835, 1993 WL 24783, at *3 (7th Cir. Feb. 2, 1993) (quoting 28 U.S.C. § 1332). Thus, the only relevant domicile in this case is that of the decedent, Rafeal Hill.

Hill's family was located in Illinois, that Hill had an Illinois driver's license, maintained a bank account in Illinois, received a jury summons in Illinois, that he would have pursued a life in Illinois with his girlfriend, and that an Illinois address was listed on his death certificate by his mother. However, there are other facts that cut against making the determination as a matter of law that Hill was domiciled in Illinois. While it is true that a student maintains the domicile of his parents, Hill was not continuously enrolled in school for the entire two years after he graduated from high school and left Illinois. After leaving Meridian Community College in Mississippi, he traveled between Illinois and Tennessee for a full year, and lived and worked in Indiana for several months without enrolling in any educational program. In completing his application for admission to Ivy Tech, Hill listed himself as an independent student. Hill had a job, apartment lease, and vehicle registration all in Indiana prior to enrolling in school. Trying to ascertain intent from these facts would be inappropriate for summary judgment; this is particularly true in this circumstance where the intention that must be ascertained is that of a deceased person. Merely visiting family, having a long distance relationship, and failing to update a driver's license[2] are not enough to establish as a matter of law that Hill's domicile was in Illinois. Because Hill's intention is a question of material fact, Plaintiff's motion as to the domicile of Rafeal Hill [Dkt. 88] is **DENIED**.

B.      **Choice of Law**

Plaintiff and Defendant have both filed motions for partial summary judgment to determine the appropriate choice of law for this case. Ordinarily, a court must apply the choice-of-law rules of the state in which it sits; however, "where a case is transferred pursuant to 28 U.S.C. § 1404(a), it must apply the choice-of-law rules of the State from which the case was transferred." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 (1981). Therefore, this Court must apply Illinois choice-of-law rules in order to analyze whether Indiana or Illinois law applies.

Illinois courts have adopted the choice of law analysis set forth in the Second Restatement of Conflict of Laws. *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007). Under Illinois

---

[2] The fact that a person holds an out of state driver's license is not dispositive in determining domicile. *Mullholland*, 1990 WL 223012 at *3.

choice-of-law rules, Section 146 of the Second Restatement of Conflict of Laws is the starting point for

any choice-of-law analysis. *Id.* at 903. Section 146 provides:

> In an action for personal injury, the local law of the state where the injury occurred
> determines the rights and liabilities of the parties, unless, with respect to the particular
> issue, some other state has a more significant relationship under the principles stated in
> section 6 to the occurrence and the parties, in which even the local law of the other state
> will be applied.

*Id.* at 904 (quoting Restatement (Second) of Conflicts of Laws § 146, at 430 (1971)). "[I]n the absence

of unusual circumstances, the highest scorer on the 'most significant relationship' test is the place where

the tort occurred." *Id.* "The likelihood that some other state other than that where the injury occurred is

the state of most significant relationship is greater in those *relatively rare* situations where, with respect to

the particular issue, the state of injury bears little relation to the occurrence and the parties." *Id.* (quoting

Restatement (Second) of Conflict of Laws § 146, Comment *c*, at 430-31(1971) (emphasis in original)).

The second step is to determine whether there is another state with a more significant relationship

to the lawsuit by testing the presumption against the principles of Section 6 and in light of the contacts

identified in Restatement § 145(2). *Id.* at 905. Illinois courts follow a three step process for determining

whether a particular contact is significant for choice-of-law purposes: "(1) isolate the issue and define the

conflict; (2) identify the policies embraced in the conflicting laws; and (3) examine the contacts of the

respective states to determine which has a superior connection with the occurrence and thus would have a

superior interest in having its policy or laws applied." *Id.* The choice-of-law analysis begins by isolating

the issue and defining the conflict between the laws, and a determination is required only when a

difference in the states' law will make a difference in the outcome. *Id.* Plaintiff has identified two

distinct issues for the choice-of-law analysis, wrongful death and apportionment of liability. Based on the

differing outcomes under Indiana and Illinois laws, a choice-of-law analysis is appropriate in this case.

### 1. Wrongful Death

The application of Indiana or Illinois wrongful death statutes would yield greatly different

outcomes. The Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/0.01 *et seq.*, permits the personal

representative of the decedent to bring an action for the benefit of the surviving next of kin (including

siblings) of the deceased person to recover damages for grief, sorrow, and mental suffering, with no statutory cap on damages. *See Townsend*, 879 N.E.2d at 899 ("Illinois currently does not have a statutory cap on compensatory damages for noneconomic injuries."). The Indiana Child Wrongful Death Act, Ind. Code § 34-23-2-1, which would apply instead of the Indiana Wrongful Death Act[3] because Hill was under the age of twenty-three and enrolled in a post-secondary educational institution, may be brought by the parent *individually* (not as personal representative) to recover for the loss of the child's services, loss of the child's love and companionship, and to pay the expenses of the child's medical and funeral expenses, debts of the child, administration of the child's estate, and reasonable expenses for counseling incurred by the surviving parent and/or minor siblings of the child that was required because of the death of the child. Ind. Code § 34-23-2-1(c)-(f) (2009). If the child was enrolled in a post-secondary educational institution, as Hill was, damages under the Indiana Child Wrongful Death Act are awarded only with respect to the period of time from the death of a child until he would have reached age twenty-three. Ind. Code § 34-23-1-2(g) (2009). The Indiana statute, unlike the Illinois statute, precludes any recovery for grief, sorrow, or bereavement suffered by anyone as a result of Hill's death, and also precludes any claim on behalf of Hill's adult brother.

Under Illinois' choice-of-law analysis, the law of the state where the injury occurred—Indiana—is presumptively the appropriate law to apply in this case. "The local law of the state where the personal injury occurred is most likely to be applied when the injured person has a settled relationship to that state, either because he is domiciled *or resides* there…." Restatement (Second) of Conflict of Laws § 146, cmt. e (1971). There is no requirement that Hill be domiciled in Indiana in order for Indiana law to apply; rather, it is only important that he had some connection to the state and that his presence on the Indiana roadways was not merely fortuitous. *Cf. In re Aircrash Disaster Near Roselawn, Ind. On Oct. 31, 1994*, 926 F.Supp. 736, 742 (N.D. Ill. 1996) (noting that in reaching choice of law decisions in aircraft crashes, the place of injury is largely fortuitous and is to be given less weight). There is no question that Hill was

---

[3] Ind. Code § 34-23-1-1 applies only to "adult persons" which is defined as someone who is not a child as defined under the Indiana Child Wrongful Death Act.

a resident in Indiana, where he had an apartment, job and vehicle registered prior to his enrollment in school. Thus, under the first step of the analysis there is a presumption that Indiana law applies.

Next, the Court must determine whether the presumption can be overcome by the most significant relationship factors in Section 145(2). *Id.* at 905. These factors include: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residency, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties centered. *Id.* at 900 (*citing* Restatement (Second) of Conflict of Laws §145(2)(1971)). Courts in Illinois have stated that "the two most important § 145 contacts are generally the location of the injury's occurrence and the location of the injury-causing conduct." *Taylor v. Avid Holdings, LLC*, No. 09 C 5293, 2012 WL 3307374, at *2 (N.D. Ill. Aug. 19, 2010); *see also Scherr v. Marriott Int'l, Inc.*, No. 08 C 2098, 2010 WL 4167487 (N.D. Ill. Oct. 13, 2010) (presumption is particularly difficult to overcome where the injury-causing conduct occurred in the same state where the injury occurred). As discussed above, the first factor — the place of the injury — favors Indiana. The second factor — the place where the conduct causing the injury occurred — also favors Indiana. Plaintiff argues that events that occurred when Miller received his freight in Illinois were the cause of the accident, but the alleged negligent driving that occurred on the Indiana roadway is the more significant and relevant event that caused the accident. Third, the domicile, residence, place of incorporation, and place of business of the parties also favors Indiana. Defendants conduct business in both Illinois and Indiana, but none of them have a residence or principal place of business in either state. Although Hill-Jackson is domiciled in Illinois, she has brought this action as a representative of Hill's estate, not individually, thus her domicile is not as relevant to this analysis as that of Hill or the other parties. Even if Hill's domicile is found to be Illinois, Hill still had established a connection with Indiana as resident, thus he could have been expected to be governed by Indiana's laws. Finally, the place where the relationship of the parties was centered also favors Indiana. Hill and the Defendants had no other relationship or interaction prior to the accident, and their first and only encounter occurred in Indiana. Thus, Section 145 suggests that Indiana law applies in this case.

Finally, the Court must determine whether the choice-of-law principles in Section 6 contradict the presumption that Indiana law applies. In personal injury actions, only Sections 6(2)(b) (relevant policies of the forum), (c) (relevant policies of other interested states and the relevant interest of those states in the determination of the particular issue), and (e) (the basic policies underlying the particular field of law) are implicated. *Townsend*, 879 N.E.2d at 900, 906-07. Plaintiff argues that Illinois has a superior interest in having its domiciliaries fully compensated and that Indiana has no interest in compensating or protecting non-domiciled parties. However, Indiana does have an interest in protecting its residents and in enforcing laws on its roadways. Plaintiff attempts to use domicile as the trump card in this analysis, but nowhere in the Restatement does it say domicile of the parties is the controlling factor, and in any event the Plaintiff in this case is not Hill-Jackson individually, but rather the estate of Rafeal Hill. Plaintiff would be compensated under Indiana's wrongful death laws, just not to the extent that Illinois law would permit. The fact that Plaintiff's recovery would be greater under one state's laws versus another's does not mean that one state's interests are greater than the other. *Id.* at 907. Thus, the Section 6 analysis fails to rebut the presumption that Indiana's law applies to the wrongful death issue.

## 2. Apportionment of Damages

The Indiana and Illinois apportionment statutes would also yield different results in this case. Indiana follows a modified comparative fault system and has abolished joint and several liability. Ind. Code § 34-51-2-1 *et seq.* (2011). Under the Indiana Comparative Fault Act, if the plaintiff is more than fifty percent at fault, he is not permitted to recover. If the plaintiff is less than fifty percent at fault, a defendant is only required to pay his pro-rata share based on the fault attributed to him. Ind. Code § 34-51-2-6; § 34-51-2-7 (2011). Illinois, on the other hand, has adopted a pure form of comparative fault with the Illinois Joint Tortfeasors' Act. 735 Ill. Comp. Stat. 5/2-1117 (2003). Under the Illinois statue, all defendants found liable are jointly and severally liable for plaintiff's medically related damages. *Id.* If any one defendant is twenty-five percent at fault or greater, he will be jointly and severally liable for all other damages. *Id.*

As discussed above, the Restatement Section 146 presumption is that the applicable law is that of the state where the injury occurred and the Section 145 contacts analysis favors the application of Indiana law, so the Court must determine whether the choice-of-law principles in Section 6 as applied to this issue dictate a different outcome. Again, Plaintiff makes the faulty argument that the domicile of the Plaintiff is what controls in determining the superior interests in this case, failing to take into account that the plaintiff in this case is the estate of Rafeal Hill, not Hill-Jackson individually. In addition, domicile is only one consideration in making a choice-of-law analysis. Plaintiff also attempts to argue that Illinois apportionment law should apply because plaintiffs should not be prohibited from receiving full recovery for their injuries from one defendant when multiple defendants may be liable, and Illinois' interest in seeing its domiciliaries fully compensated is superior to Indiana's interest in protecting defendants from paying more than their fair share of damages. The court in *Townsend* refused to make a choice-of-law analysis on the basis of whether a particular state's law was more plaintiff or defendant friendly. "[T]ort rules which limit liability are entitled to the same consideration when determining choice-of-law issues as rules that impose liability….We trust that characterizations such as 'pro-consumer' or 'pro-business' will not often appear in future choice-of-law cases." *Townsend*, 879 N.E.2d at 907 (internal citations omitted). Again, greater recovery by the Plaintiff is not enough to conclude that one state has a superior interest over another, and the respective policies of Illinois and Indiana do not favor going against the conclusion that Indiana law applies. Accordingly, the Court finds that Indiana law applies as the substantive law of this case. Therefore, Defendants' Motion for Partial Summary Judgment and Associated Choice-of-Law Determination [Dkt. 85] is **GRANTED**.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that there is a question of material fact as to the domicile of the decedent, Rafeal Hill, and that Indiana law applies to the wrongful death and apportionment issues. Therefore, the Plaintiff's Motion for Summary Judgment as to Domicile of Decedent [Dkt. 88] is **DENIED**. Plaintiff's Motion for Partial Summary Judgment as to Choice-of-Law as to Damages: Wrongful Death [Dkt. 92] is **DENIED,** and Plaintiff's Motion for Partial Summary

Judgment as to Choice of Law as to Apportionment: Joint and Several Liability [Dkt. 94] is **DENIED.**

Defendants' Motion for Partial Summary Judgment as to Choice of Law [Dkt. 85] is **GRANTED**.

Plaintiff is provided leave to amend her complaint accordingly within **ten (10) days** of the date of this

Order in order to comply with the requirement of Ind. Code § 34-23-2-1(c) that this matter be brought in

the name of the parent and not the estate of the decedent.


    SO ORDERED.


           08/10/2011
DATE:   _____


                                _____
                                Hon. Tanya Walton Pratt, Judge
                                United States District Court
                                Southern District of Indiana


DISTRIBUTION:

Yao O. Dinizulu
DINIZULU LAW GROUP, LTD.
dinizulu@dinizululawgroup.com

Thomas E. Farrell
SCOPELITIS GARVIN LIGHT HANSON & FEARY
tfarrell@scopelitis.com